IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES R. EDENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 00-CV-626-WDS |
| | ) | |
| DENNIS LARSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for leave to conduct additional discovery and for a modified scheduling order, to which defendant has filed objections. This Court entered judgment in favor of all defendants and plaintiff appealed that order.

The court of appeals affirmed the entry of judgment as to all claims with the exception of plaintiff's claim against Dr. Larson. *See, Edens v. Larson*, No. 03-3794 (7th Cir. 2004) (mandate entered November 15, 2004). The matter was certified ready for trial and counsel was appointed on April 15, 2005.

In light of the opinion from the Court of Appeals[1], the Court finds that limited discovery

---

[1] The opinion from the Seventh Circuit provided:

> Although the question is a close one, we conclude that Edens has met his burden with respect to the first defendant, Dr. Larson. Within a few days of Edens' transfer to Pinckneyville--shortly after his Elavil treatment was discontinued--Dr. Larson examined him and told him to try relaxation and meditation. This may have been an appropriate response to Edens' speculation that the headaches were related to stress, but Larson has offered no explanation as to why it was appropriate to offer Edens no other form of treatment at that time. Similarly, Larson's decision several months later to discontinue Edens' use of Fioricet may have been legitimately motivated by a concern about its addictive properties, but he has not explained why Tylenol was a reasonable replacement. Edens has presented evidence (somewhat thin, but more than a scintilla) that conventional analgesics (like Tylenol) are commonly recognized as ineffective treatment for cluster headaches. In response, Larson offers only his self-serving affidavit that he "provided the plaintiff the treatment I felt was warranted and required by his condition." Although that may indeed be so, we believe that there is a sufficient basis for a jury to find otherwise.

*Edens v. Larson,* 03-3794, slip. op at 4-5 (7th Cir. Sept. 23, 2004).

may be appropriate to permit newly appointed counsel to adequately prepare for trial. Accordingly, the Court **OVERRULES** defendant's objection and **GRANTS**, in part, plaintiff's motion for leave to conduct additional discovery limited to the taking of the deposition of Dr. Larson and review of plaintiff's medical records. Discovery is, therefore, re-opened for these limited purposes for a period of sixty (60) days from the date of this Order. The final pre-trial conference is re-scheduled for December 5, 2005, at 1:30 P.M., and the trial is rescheduled for the month of January 2006.

    **IT IS SO ORDERED.**

    **DATED:   July 12, 2005.**

    **s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**