**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES R. EDENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 00-CV-626-WDS |
| | ) |
| DENNIS LARSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion in limine (Doc. 211) to which the defendant has filed a response (Doc. 213). Upon review of the record, the Court rules as follows:

1. The fact the plaintiff may have received any collateral source payment. The defendant has not objected to this part of the motion and it is **GRANTED**.

2. That plaintiff has been subject to disciplinary action, including placement in segregation, during his incarceration. The defendant does not object to this part of the motion and it is **GRANTED**.

3. That plaintiff had prior or subsequent accidents or injuries for unrelated matters and treatment for unrelated medical or psychological conditions. The defendant objects to this part of the motion, and the Court **SUSTAINS** defendant's objections, as follows: The defendant may introduce evidence related to all of the various medical treatments of plaintiff by defendant, regardless of the nature of that treatment, while plaintiff was under defendant Larson's care. To the extent that plaintiff's medical treatment included psychiatric and/or psychological treatment for stress while he was incarcerated, this may be admissible if the defendant can establish that there was a causal or medical link to this type of treatment for plaintiff's headaches. All other

medical conditions and treatments will not be admitted unless the defendant can establish a causal or medical link to plaintiff's headaches.

4. Failure of plaintiff to call witnesses to which the defendant also has access. The defendant has not objected to this motion and it is **GRANTED**.

5. References to settlement, settlement demands or offers. The defendant has not objected to this part of the motion and it is **GRANTED**.

6. That plaintiff is divorced or had children out of wedlock. The defendant has not objected to this part of the motion and it is **GRANTED**.

7. That plaintiff is currently incarcerated or the nature of the crime for which he is incarcerated. The defendant has objected to this part of the motion. The Court **FINDS** that it is clearly relevant to the plaintiff's claim that he is incarcerated because the claim is that the defendant was deliberately indifferent to plaintiff's medical needs while incarcerated. Furthermore, the defendant is entitled to introduce evidence that the plaintiff has a criminal conviction and the nature of that conviction under the provisions of Fed. R. Evid. 609 if that conviction complies with the time limit exclusions of Rule 609. Accordingly, the Court DENIES plaintiff's motion in limine on this point.

8. That plaintiff or any witness called by plaintiff has a criminal conviction or hs pleaded guilty to a crime. The Court **DENIES** this motion to the extent that the evidence complies with Rule 609.

9. Any reference to the use of alcohol, alcohol dependency or alcohol abuse. The defendant has not objected to this part of the motion and it is **GRANTED**.

10. Reference to any other complaints filed by plaintiff. The defendant has not objected to this part of the motion and it is **GRANTED**.

      11.  That persons other than defendant Larson were named as defendants in the original action. The defendant has not objected to this part of the motion and it is **GRANTED**.

      12.  Evidence of the defendant's character or reputation for truthfulness.  The defendant has objected to this part of the motion on the grounds that it is unclear what testimony the plaintiff is seeking to exclude.  It is clear that direct evidence of the defendant's character or reputation for honesty is not admissible.  It may, however, be admissible after an attack on defendant's character.   In light of the nature of this part of the motion, the Court cannot determine, at this time, if this evidence would be admissible.  Accordingly, the Court **DENIES** plaintiff's motion on this point at this time, but will allow plaintiff to renew the motion during trial if appropriate.

      **IT IS SO ORDERED.**

      **DATED:   March 14, 2006.**


                                                  **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**