IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES R. EDENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 00-CV-626-WDS |
| | ) | |
| DENNIS LARSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion in limine (Doc. 209) to which plaintiff has filed a response (Doc. 214). Upon review of the record, the Court rules as follows:

1. Any claims or causes of action against defendant Larson which have been dismissed by the Court or on which summary judgment has been granted. Plaintiff's objection is based on the fact that the Court's order granting summary judgment in favor of all defendants was reversed on appeal, *Edens v. Larson*, No. 03-3794, 110 Fed. Appx. 710 (7th Cir. 2004). The procedural history is not relevant to the claim that survives, that is, that the defendant, Larson, was deliberately indifferent to plaintiff's serious medical condition. *Id.* at 714. Accordingly, the Court **GRANTS** defendant's motion in limine on this ground.

2. Any information regarding any alleged bonus to be received by Dr. Larson. Plaintiff's counsel was unable to conduct any discovery on the issue of Larson's contractual arrangements with former defendant CMS to provide medical services and serve as medical director, and therefore, seeks, if the defendant testifies, to be able to pursue a line of questions on this topic.

Because CMS is no longer a defendant, and the sole remaining claim is deliberate indifference by Dr. Larson, plaintiff has to establish the relevance of any bonus or other financial incentive which might be part of Larson's contract with CMS. The critical inquiry is whether

the plaintiff suffered a serious medical condition to which Larson was deliberately indifferent in his prescribed course of treatment.  Accordingly, the Court GRANTS defendant's motion in limine on this point.

      3.  Any testimony regarding statements of other providers, in particular, Dr. Rahim, regarding the care provided by others,  on the grounds that it would constitute hearsay. The plaintiff has objected to this under the business records exception, Fed. R. Evid. 803(6).  To the extent that these medical entries were made by treating physicians or other health care providers, they may be admissible under Rule 803(6).  However, the Seventh Circuit has held

> In order for evidence to be admissible under Rule 803(6), it must be "transmitted by" a declarant "with knowledge" in the ordinary course "of a regularly conducted business activity . . . ." As one court has noted, "this encompasses only declarants--like nurses or doctors in the case of hospitals-- who report to the recordkeeper as part of a regular business routine in which they are participants." *Petrocelli v. Gallison*, 679 F.2d 286, 290 (1st Cir.1982). Since the act of a hospital patient in relating his own medical history "is not part of a 'business routine' in which he is individually a regular participant," id., his statements are not admissible under Rule 803(6). Similarly, statements made by members of the patient's family or by his friends in relating medical history are likewise inadmissible.

*Cook v. Hoppin*, 783 F.2d 684, 689-90 (7th Cir. 1986).   The Court **GRANTS** in part and **DENIES** in part this point of defendant's motion to the extent that there are notations by health care professionals in plaintiff's medical records as part of his treatment and care, those may be admissible.  Otherwise, statements by other physicians who are not present to testify would be inadmissible hearsay.

      4.  Evidence of articles, medical textbooks, dictionaries, etc. discussing the treatment of cluster headaches.  The Court has previously denied plaintiff's motion to take judicial notice on this basis.  In its Order of March 6, 2006, (Doc. 212) the Court stated:

2

> Rule 803(18) provides that statements contained in learned treatises may be admitted as exceptions to hearsay when the treatise has been "established as a reliable authority by the testimony or admission of [a] witness or by other expert testimony or by judicial notice." Clearly, therefore, Rule 803(18) applies only to the extent that the treatise is either relied upon by an expert witness during direct examination or is used to impeach the expert during cross examination.

Therefore, plaintiff may seek to have this type of material admitted if he does so through the direct testimony or cross-examination of an expert. In addition, plaintiff notes that Dr. Larson, in his deposition, identified a medical text, Harrison's Principles of Internal Medicine as a reliable, authoritative text for the diagnosis and treatment of headaches. Therefore, the Court **GRANTS** in part and **DENIES** in part defendant's motion on this point. This information may be admitted if relied upon by an expert, or to cross-examine Dr. Larson about his testimony.

     5. Any testimony by inmates regarding the cause of any complaints by plaintiff of pain. The plaintiff has not objected to this part of the motion and it is **GRANTED**.

     6. Plaintiff's testimony as to any diagnoses regarding his condition or whether that condition constituted a serious medical need. The defendant notes that the plaintiff has not endorsed any expert witnesses to testify as to his condition. Plaintiff objects to this part of the motion. The Court **GRANTS** in part and **DENIES** in part this point of defendant's motion as follows:

     Plaintiff's medical records, as previously indicated, are admissible under Rule 803(6). The plaintiff's treating physician can testify as to her diagnosis and treatment. The parties have stipulated to the fact that the plaintiff has suffered from cluster headaches and migraine headaches, and the jury may be advised of that stipulation. They have also stipulated to the nature of cluster and migraine headaches and that they may be a serious medical condition. Again, the jury is entitled to know of this stipulation. In addition, statements made by plaintiff

for purposes of medical treatment or diagnosis are admissible pursuant to Rule 803(4).

The plaintiff, however, cannot testify as to what he was "told" his diagnosis was by a non-testifying witness, but can testify as to what he did when he sought medical treatment, what his symptoms were, how he felt before and after medical treatment. He cannot testify as to what an out-of-court declarant said to him about his medical condition, diagnosis and treatment.

7. Any references to articles regarding Correctional Medical Services other than during voir dire. The plaintiff has not objected to this part of the motion and it is **GRANTED**.

8. Any claims or alleged causes of actions by other inmates or individuals. The plaintiff has not objected to this part of the motion and it is **GRANTED**.

9. Any testimony of inmates or others regarding complaints plaintiff made of pain or headaches. The plaintiff has objected to this on the grounds that Rule 803(3) permits this testimony. The Court **FINDS** that this testimony may be relevant and admissible. Rule 803(3) allows, as non-hearsay, testimony as to the "declarant's then existing state of mind, emotion, sensation, or physical condition (such as . . . pain, and bodily health)." Statements of motive, intent and mental state, are admissible under Rule 803(3), and are not subject to exclusion even when highly self-serving. *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir.1984) (Friendly, J.). The Court, therefore, **DENIES** defendant's motion in limine on this ground.

10. Any testimony regarding plaintiff's reputation for truthfulness. The Court **FINDS** that this evidence may be admitted in response to an attack on the credibility of a witness, including the plaintiff, pursuant to Rule 608. Plaintiff, however, seeks to offer evidence of his truthfulness to rebut the defendant's attempt to impeach him with prior convictions. Rehabilitation under Rule 608, however, is limited. Evidence of truthfulness is admissible "only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or

4

otherwise."  Here, the use of Rule 609 to impeach the character of the plaintiff with prior convictions is not an attack on his truthfulness, and therefore, the rehabilitation of Rule 608 is not applicable.  Accordingly, the Court **GRANTS** the defendant's motion on this ground.

**IT IS SO ORDERED.**

**DATED:   March 14, 2006.**

<u>**s/ WILLIAM D. STIEHL**</u>
  **DISTRICT JUDGE**