IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. EDENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 00-CV-626-WDS |
| | ) |
| DENNIS LARSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for attorneys' fees, expenses and costs (Doc. 236), to which defendant has filed objections (Doc. 238), plaintiff a reply (Doc. 239-1), and defendant a surreply (Doc. 240).

Plaintiff filed suit against defendant under 42 U.S.C. § 1983. The jury returned a verdict in favor of plaintiff and against defendant, awarding plaintiff $7,500. Plaintiff's motion seeks $47,636.66 in attorneys' fees (Doc. 236), $3,445.14 in costs reflected on his Bill of Costs (Doc. 235), and $2,233.56 in additional costs, not reflected on the Bill of Costs (Doc. 237-1).[1] Plaintiff asserts he is entitled to the recovery of taxable costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 and to an award of attorneys' fees pursuant to § 1983(b) and § 1988 of Title 42. (Doc. 237-1).

Defendant objects to the amounts sought by plaintiff, arguing that 42 U.S.C. § 1997e(d)(2) caps an award of attorneys' fees under § 1983 at 150% of the monetary judgment awarded by the jury. (Doc. 238). Defendant further argues that travel and research costs should be construed as part of the attorneys' fees, and therefore should not be separately recoverable by

---

[1]Plaintiff's motion states that he will supplement his request for attorneys' fees, costs and expenses "to request costs incurred by James Edens while acting *pro se* in this matter, prior to appointment of counsel in April 2006." (Doc. 236). To date, plaintiff has not done so.

plaintiff. (Doc. 238). Defendant does not challenge plaintiff's request for court costs. (Doc. 238). Defendant does object to an award of costs relating to any photocopies that were made for the convenience of counsel, citing *Riley v. UOP, L.L.C.*, 258 F. Supp.2d 841 (N.D. Ill. 2003), *Helzing v. Loyola Univ. of Chicago*, No. 02-C-9408 (N.D. Ill. 2004), and *Tony Jones Apparel, Inc., v. Indigo USA LTD*, No. 03-C-0280 (N.D. Ill. 2005).

After careful consideration of the parties' arguments, the Court awards $11,250 in attorneys' fees and $3,304.62 in costs to plaintiff's attorneys. The Court further applies $1,875 of the plaintiff's judgment to satisfy the fee award.

1.   Plaintiff's Attorneys' Fees.

Federal law allows the Court discretion to award reasonable attorneys' fees as part of the costs pursuant to § 1988. Determination of an attorneys' fee award is a two-pronged inquiry. First, plaintiff must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109–11 (1992). Second, the award of fees must be reasonable. *See id.* at 114. The Prison Litigation Reform Act of 1995 ("PLRA") establishes statutory limits to the amount of fees recoverable. The hourly rate is capped at 150 percent of the rate for court-appointed counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, and defendant may not be liable for an award of attorneys' fees in excess of 150 percent of the judgment. § 1997e(d)(2). The Seventh Circuit has found these caps to be constitutional. *Johnson v. Daley*, 339 F.3d 582 (7th Cir. 2003). Additionally, part of the judgment awarded, up to twenty-five percent, shall be applied to satisfy the amount of attorneys' fees awarded against the defendant. *Id.* at 584.

On March 28, 2006, judgment was entered in favor of plaintiff in this action. (Doc. 233). As the prevailing party, plaintiff is therefore entitled to reasonable attorneys's fees as limited by the PLRA. The applicable hourly rate for determining attorneys' fees in this matter shall be

$135.00 per hour from the date of plaintiff's counsel's appointment in April 2005, through December 31, 2005. This is found by multiplying the rate under the CJA ($90.00 per hour) by 150 percent. The hourly rate for January 1, 2006, to date shall be $138.00 per hour, as the CJA rate was increased to $92.00 per hour effective January 1, 2006. Plaintiff seeks $40,403.10 in attorneys' fees. (Doc. 237-1). However, as discussed above, plaintiff may not recover attorneys' fees in excess of 150 percent of the jury award. Accordingly, the PLRA caps plaintiffs' recovery of attorneys' fees in this matter at $11,250. That amount equates to approximately 82 hours of one attorney's time. The Court **FINDS** an award of $11,250 to be proportionately related to the jury award of $7,500 and that 82 hours of attorney time were reasonably spent in preparation and trial of this matter.[2]

Defendant Larson argues that twenty-five percent of the plaintiff's judgment should be applied to the fee award. (Doc. 238). The Court notes that the PLRA does not require that twenty-five percent of the judgment be applied to the fee award, but, in its discretion, finds that a twenty-five percent set-off is reasonable in this case.[3] Accordingly, plaintiff is hereby **AWARDED** $11,250 in attorneys' fees, $1,875 of which is to be satisfied from the monies awarded in the plaintiff's judgment.

2.    Plaintiff's Costs.

Plaintiff seeks an award of $5,678.70 in costs—$3,445.14 from the Bill of Costs, and $2,233.56 in "Case Expenses (not included in the Bill of Costs)." (Doc. 237-1). The amounts

---

[2]The cap makes a *Lodestar* analysis unnecessary, since 82 hours of attorney time is easily justified for litigation of this matter. Likewise, the Court need not address the paralegal's time spent on this case, as the cap is met by attorney time and additional fees may not be recovered.

[3]The PLRA merely requires that some part of the jury award be used to satisfy a fee award, with twenty-five percent as the maximum set-off amount. § 1997e(d)(2). For extensive discussion on this issue, see *Farella v. Hockaday*, 304 F. Supp.2d 1076, 1081–82 (C.D. Ill. 2004).

sought as "Case Expenses" include Westlaw and medical research, travel and lodging. (Doc. 237, Ex. 1b). Defendant argues that the amount sought in the Bill of Costs should be reduced by the cost of unnecessary photocopying. (Docs. 238, 240). Defendant further argues that the "Case Expenses" sought should be deemed as falling under the broader category of "attorneys' fees" and are therefore not separately recoverable apart from the PLRA cap discussed above. (Doc. 238).

Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The costs recoverable under Rule 54(d) are listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). These are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Deposition costs and transcripts are included as costs under 28 U.S.C. § 1920(2). *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997).

Plaintiff's Bill of Costs shows expenses incurred in the amount of $2,041.20 for court reporter fees and transcripts, $93.35 for witness fees, and $1,310.59 in fees for exemplification and copies of papers necessarily obtained for use in the case. (Doc. 235-1). Defendant only objects to the request for photocopying costs, arguing that many of the copies were unnecessary.

Monies spent on copies obtained for the convenience of counsel are not recoverable. *See*

*McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *Farella*, 304 F. Supp.2d at 1083. Accordingly, because they were produced more for convenience than necessity, the Court will reduce the costs allowed by the following: 400 pages of case law; 400 pages of "pleadings, related pleadings and other necessary documents;" and 371 pages of deposition transcript copies provided to the client. The Court determines from its review that the remaining costs listed on plaintiff's Bill of Costs, and detailed in Exhibit 1 to Document 239, were reasonably and necessarily incurred. The Court therefore **GRANTS** in part and **DENIES** in part plaintiff's requests presented on his Bill of Costs, and **AWARDS** plaintiff's attorneys $3,304.62 in costs.

As to plaintiff's request for "Case Expenses (not included in the Bill of Costs)," the Court agrees with defendant that the items requested are more properly considered attorneys' fees, than costs. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *Montgomery v. Aetna Plywood*, 231 F.3d 399 (7th Cir. 2000). Plaintiff himself argues that these costs should be recoverable "as part of the reasonable attorney's fees awarded to the prevailing party." (Doc. 237-1). The Court therefore **FINDS** that the "Case Expenses" sought by plaintiff are properly considered as attorneys' fees, and therefore fall under the PLRA cap described above. As that cap has already been determined, the Court **DENIES** plaintiff's request for $2,233.56 in "Case Expenses."

## CONCLUSION

Plaintiff's motion for attorneys' fees, expenses and costs is **GRANTED** in part and **DENIED** in part. Plaintiff's attorneys are awarded $11,250 in attorneys' fees and $3,304.62 in costs. The Court further applies $1,875 of the plaintiff's $7,500 judgment to satisfy the attorneys' fee award, effectively reducing defendant Larson's liability for attorneys' fees to $9,375.

The defendant shall pay $12,679.62 to plaintiff's counsel within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   May 25, 2006.**

**s/ WILLIAM D. STIEHL**
   **DISTRICT JUDGE**